**Slip Op. 01-135**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                       :
THE TORRINGTON COMPANY,                :
                                       :
          Plaintiff and               :
          Defendant-Intervenor,       :
                                       :
               v.                      :
                                       :
UNITED STATES,                         :
                                       :
          Defendant,                   :   Consol.
                                       :   Court No.
          and                          :   99-08-00462
                                       :
KOYO SEIKO CO., LTD. and               :
KOYO CORPORATION OF U.S.A.;            :
NTN CORPORATION, NTN BEARING           :
CORPORATION OF AMERICA, AMERICAN       :
NTN BEARING MANUFACTURING              :
CORPORATION, NTN DRIVESHAFT, INC.,     :
NTN-BOWER CORPORATION and NTN-BCA      :
CORPORATION,                           :
                                       :
          Defendant-Intervenors        :
          and Plaintiffs.              :
_____:


**ORDER**

     This Court has received and reviewed the United States
Department of Commerce, International Trade Administration's
("Commerce") <u>Final Results of Redetermination Pursuant to Court
Remand</u> ("<u>Remand Results</u>") for <u>Torrington Co. v. United States</u>
("<u>Torrington</u>"), 25 CIT ___, 146 F. Supp. 2d 845 (2001).   In
<u>Torrington</u>, this Court: (a) denied in part and granted in part

USCIT R. 56.2 motions by Koyo Seiko Co., Ltd. and Koyo Corporation

of U.S.A. (collectively "Koyo") and NTN Corporation, NTN Bearing

Corporation of America, American NTN Bearing Manufacturing

Corporation, NTN Driveshaft, Inc., NTN-Bower Corporation and NTN-

BCA Corporation (collectively "NTN") and denied USCIT R. 56.2

motion by The Torrington Company ("Torrington"); and (b) remanded

this case to Commerce to: (1) annul all findings and conclusions

made pursuant to the duty absorption inquiry conducted for this

review, Torrington, 25 CIT at ___, 146 F. Supp. 2d at 858; (2)

articulate what methodology Commerce used in conducting the arm's

length test, id., 25 CIT at ___, 146 F. Supp. 2d at 871; (3)

clarify what action Commerce took with respect to inputs that NTN

obtained from affiliated parties, id., 25 CIT at ___, 146 F. Supp.

2d at 869; and (4) explain Commerce's decision concerning NTN's

packing expenses.  Id., 25 CIT at ___, 146 F. Supp. 2d  at 885.

With respect to the fourth issue, this Court specifically explained

that

> [d]uring the prior reviews, Commerce re-allocated NTN's
> packing expenses.  During the review in issue, however,
> Commerce examined and denied NTN's packing expenses.
> Commerce found NTN's allocation of home market packing
> expenses distortive because NTN's allocation allegedly
> did not take into account the differences in packing to
> different customers.  Additionally, Commerce disallowed
> the claimed adjustment for home market packing expenses
> because NTN allegedly did not revise its methodology when
> Commerce requested such a revision.  Issuing its final
> determination, Commerce stated that Commerce applied
> partial adverse facts available, and yet Commerce also

stated that Commerce denied the adjustment. NTN contends that Commerce's treatment of NTN's home market packing expenses, specifically: (1) Commerce's denial of packing expenses; and (2) <u>Commerce's application of facts available and adverse inference to NTN's home market packing expense, was not in accordance with the law</u>. Because Commerce's explanation of the action which it took is not clear, the Court remands [<u>both parts of the</u>] issue to Commerce for explanation of its final decision concerning NTN's packing expenses.

<u>Id.</u> (internal citations omitted, emphasis supplied).

Commerce complied with the Court's remand with respect to the first three issues. <u>See</u> <u>Remand Results</u> at 2-7. Furthermore, addressing the fourth issue in the <u>Remand Results</u>, Commerce agreed that "[Commerce's] statement that [Commerce] applied partial adverse facts available with regard to home-market packing expenses was in error." Commerce restated that, in fact, Commerce "denied the expense in its entirety because [Commerce] found that NTN's allocation methodology was distortive . . . ." <u>Remand Results</u> at 7. Commerce, therefore, clarified its position only with respect to the first prong of the fourth issue, that is, incoherence of Commerce's statements, while failing to address the second prong, that is, the reasons for Commerce's denial of NTN's packing expenses.

Consequently, in its response to the <u>Remand Results</u>, NTN acknowledges that Commerce "denied NTN any adjustment for packing expenses in the home market[] because [Commerce] was dissatisfied

with NTN's [reporting] methodology."  NTN's Resp. ITA's Letter of
Aug. 9, 2001, at 2.  NTN, however, contends that Commerce could
have "reallocated the expense as [Commerce] did in subsequent
reviews."  Id.  Thus, NTN's contention effectively parallels the
Court's request to Commerce to explain why "Commerce's application
of facts available and adverse inference to NTN's home market
packing expense[] was not in accordance with the law."  Torrington,
25 CIT at ___, 146 F. Supp. 2d at 885.  While the Court does not
necessarily agree with NTN that Commerce erred in Commerce's
decision not to reallocate the expense in the fashion utilized by
Commerce in other reviews, the Court holds that Commerce failed to
address the particular issue in the Remand Results.

Indeed, a substantial deficiency in NTN's reported data allows
Commerce to deny an adjustment.  Commerce's power, however, is not
unconditional or free of exceptions.  It may be that Commerce can
justify its refusal to reallocate the expense at issue as Commerce
did in other reviews, but it may be that Commerce cannot do so.

The only explanation provided by Commerce so far was the
statement that "Commerce[:] (1) found NTN's allocation of home
market packing expenses distortive because [NTN] did not take into
account the differences in packing to different customers; and (2)
disallowed the claimed adjustment . . . because NTN did not revise
[NTN's] methodology when Commerce requested such revision."  Def.'s

Mem. Partial Opp'n Plts.' Mot. J. Agency R. at 90. This explanation is insufficient because it is silent on the following issues: (1) why Commerce could not reallocate the expenses; (2) how distortive was the data supplied by NTN; (3) whether the revisions to NTN's methodology requested by Commerce were given to NTN in a timely manner, that is, so NTN could comply with the request; and (4) whether the adjustment to NTN's methodology required by Commerce was reasonable and feasible to NTN. If the Court is to play its statutorily required role in reviewing Commerce's determination, it is important that the Court has clear guidance from Commerce as to what was actually happening.

Therefore, this case having been duly responded and commented to, and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that this case is remanded to Commerce so Commerce would clarify its final decision concerning its denial of NTN's packing expenses; and it is further

**ORDERED** that the remand results are due within ninety (90) days of the date that this order is entered. Any responses or comments are due within thirty (30) days thereafter. Any rebuttal comments are due within fifteen (15) days after the date the

responses or comments are due.


                                                _____
                                                NICHOLAS TSOUCALAS
                                                  SENIOR JUDGE


Dated:      November 26, 2001
              New York, New York